IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD SAEMMER | : | CIVIL ACTION |
| Plaintiff | : | |
| vs. | : | NO. 08-01028 |
| CONSTRUCTION MANAGEMENT TECHNOLOGY, INC. | : | |
| Defendant | : | |
| vs. | : | |
| ENGELMAN CONSTRUCTION, INC. | : | |
| Third-Party Defendant | | |

MEMORANDUM OPINION AND ORDER

GOLDEN, J.                                                                                                   MAY 20, 2010

Plaintiff brought this action seeking to recover damages from Defendant Construction Management Technology, Inc. ("CMT") for injuries allegedly sustained from a slip and fall during a snowstorm at a construction site at which CMT was the general contractor. At the time of the accident, Plaintiff was an employee of a subcontractor at the site, Engelman Construction Co. ("Engleman"). CMT has filed a Third-Party Complaint against Engelman for indemnity. Presently before the Court are CMT's Motion for Summary Judgment and Engelman's Motion for Summary Judgment on the Third-Party Complaint. For the reasons that follow CMT's Motion is granted and Engelman's Motion is denied as moot.

Under Fed.R.Civ.P. 56, summary judgment should be granted where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Davis v. Portline Transportes Maritime Internacional, 16 F.3d 532, 536 n.3 (3d Cir. 1994). The movant bears the initial burden of identifying those portions of the record that fail to demonstrate a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Thereafter, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Otherwise, "summary judgment, if appropriate, shall be entered." Id. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

On January 26, 2007, CMT entered into a design-build contract (the "Contract") with the owner, McLane Company, Inc. ("McLane") for a construction project in Jessup, Pennsylvania (the "Project'). CMT was the general contractor for the project and had contracted directly with the owner, McLane. Under the terms of the Contract, CMT would locate a subcontractor, negotiate a deal and then pass the cost plus a percentage onto McLane. Exhibit 6 to Plaintiff's Response to CMT's Motion for Summary Judgment at 26-28. Under the Contract, CMT would not make a payment to any subcontractor unless it first received payment from McLane.

On July 7, 2007, CMT entered into a subcontract with Engelman to provide concrete work at the Project. On December 13, 2007, Plaintiff fell on an access road at the site. At the time of the accident, Plaintiff was acting within the course and scope of his employment for Engelman. Plaintiff subsequently applied for and received Workers' Compensation benefits from Engelman. Plaintiff did not collect any benefits from CMT.

The work site, including the access road on which Plaintiff fell, was under the exclusive control of CMT. CMT had the full time presence of its Job Supervisor and Foreman on site to oversee activities. Both individuals were on site on the date of the accident. CMT also had a trailer on site along the access road from which CMT conducted weekly "Construction Progress" meetings with all onsite subcontractors, including Engelman, dealing with safety, contractor coordination and general job progress.

Plaintiff filed the instant Complaint on February 29, 2008. On April 8, 2008, CMT filed an Answer together with Affirmative Defenses. CMT's Answer with Affirmative Defenses did not raise "statutory employer" under the Pennsylvania Workers' Compensation Act as a potential defense. On August 22, 2008, CMT filed a Third Party Complaint against Engelman for indemnification, alleging that Plaintiff's injury was caused by Engelman's negligence. On December 19, 2008, the Court issued a Jury Trial Scheduling Order which stated, <u>inter alia</u>, that amended pleadings were due by January 30, 2009. On July 30, 2009, Plaintiff forwarded to CMT two expert liability reports together with expert medical reports.

On August 25, 2009, 16 months after it filed its Answer with Affirmative Defenses and one month after Plaintiff had filed its expert reports, CMT terminated its attorneys and hired new counsel. On August 31, 2009, new counsel filed a Motion for Summary Judgment, raising for the first time the statutory employer defense. On October 1, 2009, the Court denied the Motion for Summary Judgment with leave to renew in order to give the parties additional time to conduct discovery. Following completion of this discovery, CMT has renewed its Motion.

In its Motion for Summary Judgment, CMT contends for the first time that it is immune from suit because it qualifies as a statutory employer under the Pennsylvania Workers'

Compensation Act, 77 P.S. § 1 et seq. Plaintiff responds that the statutory employer defense is an affirmative defense which is waived if not raised during the initial pleadings stage of the proceedings. According to Plaintiff, since CMT raised the statutory employer defense for the first time in its Motion for Summary Judgment, CMT has waived the defense.

The Supreme Court of Pennsylvania has specifically held, however, that the Workers' Compensation Act is "not an affirmative defense which may be waived if not timely pled." LaFlar v. Gulf Creek Industrial Park, 515 A.2d 875, 879 (Pa. 1986). The Court further stated that the "lack of jurisdiction of the subject matter may be raised at any time and may be raised by the court sua sponte if necessary." Id. See also Winfree v. Philadelphia Electric Co., 520 Pa. 392, 396-98, 554 A.2d 485, 487 (1989) ("We recently held that failure to raise the [Workers'Compensation] Act as an affirmative defense to a tort action did not result in a waiver."); Noyes v. Cooper, 579 A.2d 407, 411 (Pa.Super. 1990) (finding defendant could raise immunity under the Workers' Compensation Act for first time on appeal because it is a non-waivable defense).

Despite this pronouncement from Pennsylvania's highest court, Plaintiff argues that workers' compensation immunity is indeed a waivable defense. In support of his argument, Plaintiff cites to the following footnote in a decision from the Superior Court of Pennsylvania, Taras v. Wausau Ins.Co, 602 A.2d 882, 883 n.1 (Pa. Super. 1992).

> We urge counsel for appellees to take note that immunity is an affirmative defense which is properly raised in new matter, rather than by preliminary objections. 42 Pa.R.C.P. 1030. See also Helfetz v. Philadelphia State Hospital, 482 Pa. 386, 393 A.2d 1160 (1978). However, because appellants failed to challenge the propriety of appellees' raising immunity in its preliminary objections, either before this court or the trial court, we can properly rule on the preliminary objections. (citation omitted).

4

The Superior Court in Taras specifically noted, however, that the issue of waiver was never raised and therefore was not before the court. As such, the Superior Court's statement in Footnote 1 is nothing more than dicta. This Court is bound by the ruling of the Supreme Court of Pennsylvania and not by dicta from the Superior Court of Pennsylvania. See Ciccarelli v. Carey Canadian Mines, Ltd., 757 F.2d 548, 554 (3d Cir. 1985)(federal courts exercising diversity jurisdiction are bound by the decisions of the state's highest court as to the application of state law). In addition, the Court notes that the Superior Court in Taras did not cite to the Supreme Court's decision in LaFlar which was decided eight years after Helfetz. Accordingly, Plaintiff's argument that workers' compensation immunity is a waivable defense has no merit.[1]

Turning to the merits of CMT'S argument that it is immune from suit in this action, the Court notes that in McDonald v. Levinson Steel Co., 302 Pa. 287, 153 A. 424 (1930), the Supreme Court of Pennsylvania established the test for determining whether a party qualifies as a statutory employer under Section 203 of the Workers' Compensation Act. 77 P.S. § 52. In order to qualify as a statutory employer, a party must establish the following elements:

> (1) An employer who is under contract with an owner or one in the position of an owner. (2) Premises occupied by or under the control of such employer. (3) A subcontract made by such employer. (4) Part of the employer's regular business intrusted to such subcontractor. (5) An employee of such subcontractor.

McDonald, 302 Pa. at 294-95, 153 A. at 426; see also Fonner v. Shandon, Inc., 724 A.2d 903, 905 (Pa. 1999); Kelly v. Thackray Crane Rental, Inc., 874 A.2d 649, 655 (Pa. Super. 2005). In his

---

[1] The Court also notes that CMT should not be prejudiced by the failure of its prior counsel to raise a case dispositive defense.

5

response brief, Plaintiff does not dispute that CMT has satisfied elements 1, 2, 4 and 5. See Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment at p. 6.  Indeed, the Court's review of the record confirms that CMT has easily satisfied elements 1, 2, 4 and 5.  Plaintiff only argues that CMT has failed to satisfy the third element.[2]

Plaintiff somehow claims that the subcontractor Engelman did not contract with CMT, but instead contracted directly with the owner McLane.  However, the actual subcontract between CMT and Engelman clearly states that the subcontract is "by and between CONSTRUCTION MANAGEMENT TECHNOLOGY, INC., a Texas corporation, hereinafter called the CONTRACTOR or CMT in this agreement, and Engelman Construction, Inc., hereinafter called the SUBCONTRACTOR."  Exhibit 5 to CMT's Motion for Summary Judgment at p.1.  The subcontract was signed by Joseph Engelman on behalf of Engelman and by Prasad Gadiraju on behalf of CMT. Each page of the subcontract is initialed by Joseph Engleman as "Subcontractor" and by Prasad Gadiraju as "Contractor."  Moreover five Engelman employees and Gadiraju of CMT have all testified that CMT hired Engelman as its concrete subcontractor on the Project.  See Deposition of Joseph Engelman at p. 31; Deposition of Martin Rice at p. 15; Deposition of Christopher Roth at p. 23; deposition of Glen Greth at p. 34; Deposition of John Scapaletti at p. 12; Affidavit of Prasad Gadiraju. at ¶ 4.

Plaintiff also argues that even if there was a subcontract between CMT and Engelman, it was negated because Engelman agreed to a provision that it would only be paid by CMT after CMT was paid by McLane.  Plaintiff cites no authority for such a proposition.  Indeed, both Joseph

---

[2] Contrary to Plaintiff's contention, a general contractor such as CMT is entitled to statutory immunity even if it was a subcontractor such as Engelman that employed the injured worker and is the entity which paid workers' compensation benefits. Fonner v. Shandon, Inc., 724 A.2d 903, 907 (Pa. 1999).

Engelman and Prasad Gadiraju of CMT acknowledged that subcontracts which condition payments from the general contractor to its subcontractor upon the receipt of payments by the general contractor from the owner, are standard within the construction industry. See Affidavit of Prasad Gadiraju at ¶ 6. The fact that CMT's payments to Engelman were conditioned upon McLane's payments to CMT simply does not create a new contract between McLane and Engelman, nor does it nullify the subcontract between CMT and Engelman. Plaintiff cites no authority to the contrary. In addition, the mere fact that McLane required CMT's costs to be submitted in writing does not negate the subcontract between CMT and Engelman

Finally, Plaintiff argues that the fact that McLane must reimburse CMT for all costs submitted by Engelman somehow makes Engelman a third-party beneficiary to the contract between McLane and CMT. The Contract clearly states in Article 2.3 that "this Agreement is solely for the benefit of the parties, represents the entire and integrate agreement between the parties, and supersedes all prior negotiations, representations, or agreements, either written oral." The parties are identified as McLane and CMT. In short, there is absolutely no evidence that Engelman was an intended third-party beneficiary of the contact between CMT and McLane.

As CMT is clearly the statutory employer of the Plaintiff under the McDonald test, CMT is immune from suit and the Court will grant CMT's Motion for Summary Judgment. Because the Court concludes that CMT is immune from suit in this action, the Court will deny Engelman's Motion for Summary Judgment on CMT'S third-party claim against it for indemnity as moot.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD SAEMMER | : | CIVIL ACTION |
| Plaintiff | : | |
| vs. | : | NO. 08-01028 |
| CONSTRUCTION MANAGEMENT TECHNOLOGY, INC. | : | |
| Defendant | : | |
| vs. | : | |
| ENGELMAN CONSTRUCTION, INC. | : | |

## ORDER

AND NOW, this        day of May, 2010, upon consideration of Defendant Construction Management Technology, Inc.'s Motion for Summary Judgment and all responses thereto, it is hereby ORDERED that the Motion [Doc. # 41] is GRANTED.

Judgment is ENTERED in favor of Defendant Construction Management Technology, Inc. and against the Plaintiff Gerald Saemmer.

The Motion of Third-Party Defendant Engelman Construction, Inc. for Summary Judgment [Doc. #42] is DENIED as moot.

Third-Party Plaintiff Construction Management Technology's Third Party Complaint against Third-Party Defendant Engelman Construction Co. for indemnity is DISMISSED as moot.

The Motion of Defendant Construction Management Technology, Inc. for leave to file an Amended Answer [Doc. #47] is DENIED as moot.

The Clerk is DIRECTED to mark this case closed for statistical purposes.

BY THE COURT:

_____
THOMAS M. GOLDEN, J.